| | | |
|---|---|---|
| HOWARD A. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Remand this case to the Commissioner for further action, (Doc. No. 13); Plaintiff's Response, (Doc. No. 14); Defendant's Reply, (Doc. No. 15); and the parties' associated briefs and exhibits. Under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." See also Shalala v. Schaefer, 509 U.S. 292, 296–97 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). Remand for further proceedings is the proper action in any case that requires further fact finding. See Smith v. Schweiker, 795 F.2d 343, 348 (4th Cir. 1986).

Defendant and Plaintiff agree that this case should be remanded for a re-determination of whether Plaintiff was disabled prior to December 6, 2017—the

date of a subsequent allowance on a new application filed by Plaintiff. (Doc. No. 15 at 1). This application is not presently before the Court, and Defendant notes that this allowance was apparently made by the State Agency at a level before consideration by a Social Security Administration Administrative Law Judge. (Id.). In Plaintiff's Response to Defendant's Consent Motion, Plaintiff asks the Court to limit its remand order by restricting the ALJ to only consider whether Hill was disabled prior to December 6, 2017. (Doc. No. 14 at 1–2). Plaintiff has not submitted any case law to support his request, and the Court declines to add such a restriction due to ALJs' broad regulatory power to reopen prior Social Security Administration disability determinations under limited circumstances. See 20 C.F.R. § 404.988.

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of Defendant's request to remand this action for further administrative proceedings, the Court hereby reverses the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the case to the Commissioner for further proceedings, including a supplemental hearing that specifically addresses cardiac Listing 4.02.

Upon remand, the Administrative Law Judge shall hold a supplemental hearing, conduct further fact finding, assess the nature and severity of the claimant's impairment(s), assess whether the severity of the claimant's condition meets or equals the requirements of a Listing and, if not, the limitations that could

reasonably have resulted from the claimant's impairment(s).

      **IT IS, THEREFORE, ORDERED**, for good cause shown, that Defendant's Motion to Remand, (Doc. No. 13), is **GRANTED**. The Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** this case for further administrative proceedings. The Clerk of Court is directed to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58 and to close this case.

Signed: March 22, 2019

Robert J. Conrad, Jr.
United States District Judge